**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PARAGON DATA SYSTEMS INC.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 316 |
| | ) | |
| **GRAND ROUNDS SOFTWARE, LLC**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Plaintiff Paragon Data Systems Inc. ("Paragon") has just filed a patent infringement Complaint against Grand Rounds Software, LLC ("Grand Rounds") that has been added to this Court's calendar by random assignment. This Court's prompt examination of the Complaint has triggered this sua sponte memorandum order.

Before Congress amended the general venue provision of 28 U.S.C. § 1391(c)[1] by creating a more generous definition of corporate residence, the Supreme Court had held that Section 1400(b) was the exclusive provision controlling venue in patent infringement proceedings (see <u>Fourco Glass Co. v. Transmirra Prods. Corp.</u>, 353 U.S. 222, 225 (1957)). Relatedly, it will be assumed here arguendo that the allegations of Complaint ¶ 4 (though stated on information and belief) satisfy not only the statutory venue requirements under Section 1391(c) but also, given modern marketing practices, the establishment of personal jurisdiction over defendant Grand Rounds.

That said, however, the institution of this lawsuit in <u>this</u> District Court is troubling. Complaint ¶ 2 identifies Paragon, an Ohio corporation with a place of business in Cleveland, as

---

[1] Further references to provisions of Title 28 will take the form "Section --" without a prefatory reference to 28 U.S.C.

the owner of the patent in suit.[2]  As for Grand Rounds, Complaint ¶ 4 identifies it as a Delaware limited liability company with a place of business in Bryn Mawr, Pennsylvania, where it presumably produces the products that assertedly infringe the patented method, while its only claimed Illinois contacts are those amorphously stated on information and belief.

It may perhaps be thought of as flattering for Paragon to have chosen this District as the situs for its lawsuit, possibly prompted by this District Court's recent adoption of an extensive protocol dealing with patent litigation.  But that choice may equally well be perceived as a matter of forum shopping, a choice that may be inconvenient for a Pennsylvania enterprise compelled to litigate here.

Under the circumstances this Court will not follow its usual practice, applicable to cases newly assigned to its calendar, by setting an initial status date.  Instead it will await (1) an early input from Paragon's counsel as to their predicate for viewing this District as the most convenient forum and (2), more importantly, an early input from Grand Rounds' counsel on the choice-of-forum issue.  Because this Court has no information as to how to get in touch with Grand Rounds, Paragon's counsel are ordered to cause a copy of this memorandum order to be transmitted forthwith (a) to Grand Rounds' counsel if known to them or (b), in the absence of such knowledge, to Grand Rounds in the same way that service of process has taken place.

                                              */s/ William D. Shadur*  
                                              Milton I. Shadur  
                                              Senior United States District Judge

Date:  January 21, 2014

---

[2] It is relatedly noteworthy that the patent in suit (Complaint Ex. A) identifies the two asserted co-inventors as Ohio people.